v. TN Health Services and Development Agency and others, and the City of Johnson and others. Arguments not to exceed 15 minutes for the plaintiffs and 15 minutes to be shared by the defendants. Mr. Dunlap for the appellants. Thank you. Good morning, your honor. My name is Jim Dunlap and I'd like to reserve two minutes for rebuttal, please. May it please the court, this case involves the second of two interrelated cases. The prior case, referred to in the briefs as Tri-Cities I, was an Americans with Disabilities Act Title II action brought exclusively against the Johnson City defendants based upon a facially invalid zoning ordinance and a failure to provide a reasonable modification as required under the ADA. The district court dismissed Tri-Cities I without prejudice on rightness grounds and in fact, in its dismissal order, invited plaintiffs to reinitiate the case on merely a motion. That could have been appealed though, is that correct? Yes, your honor, it could have been. After Tri-Cities was dismissed without prejudice, Tri-Cities Holdings LLC, referred to in the brief as TCH, pursued the state administrative process to obtain a certificate of need, during which not only did the Tennessee Health Services and Development Agency, referred to as HSDA in the briefs, violate the ADA by virtue of its illegal notice rule and by failing to offer TCH a reasonable modification, but Johnson City's illegal zoning ordinance, which is blatantly illegal and certainly under long-standing decision of this court under MX Group v. City of Covington, remained on the books. And in addition to that, after dismissal of Tri-Cities I, Johnson City officials, in their official capacity, traveled some 300 miles to Nashville, Tennessee and actively lobbied against TCH's application for a certificate of need, actively attempted to block the CON application and remarkably even employed a lobbyist who practices before the HSDA panel to convince HSDA to refuse a reasonable modification and to deny the CON, all in violation of the ADA. And again, this is after dismissal of Tri-Cities I. After the dismissal of Tri-Cities I and after plaintiffs were again injured by Johnson City's illegal zoning ordinance and its subsequent efforts to block TCH's attempt for a certificate of need, plaintiffs then filed a new action including new and old claims in Tri-Cities II, which is referred to the briefs as Tri-Cities II and that's the action that included HSDA defendants, to challenge the continuing harm caused by the defendants' facially invalid zoning ordinance and to raise claims arising from defendants' violations coming both before and after the dismissal of Tri-Cities I. In Tri-Cities II, the federal court erroneously ruled that despite a new jurisdictional basis that TCH and the individual plaintiffs, these are John Doe 1 through 6 and Jane Doe 1 and 2, were not allowed to pursue new claims against the Johnson City defendants that arose after dismissal without prejudice in Tri-Cities I. In fact, Tri-Cities II was also filed after TCH had pursued its administrative remedies to obtain a certificate of need. In Tri-Cities II, TCH now joined HSDA as a defendant so as to allow the district court, upon a finding of violations of the ADA, to compel the issuance of the CON and therefore that would remedy the situation that the district court in Tri-Cities I had contended created an unright condition. Further, Johnson City's violations of the ADA in Nashville after dismissal of Tri-Cities I provided a new jurisdictional basis for the court to consider the claims in Tri-Cities II. Yes, sir. Is it true that the only issue before us as a jurisdictional matter is the denial of a preliminary injunction? Plaintiff appellants would contend, Your Honor, that the motion for partial summary judgment is inextricably intertwined. How so? Normally, if there's an appeal from a preliminary injunction, which you do at appellate jurisdiction, you look at the factors that go into granting or denying a preliminary injunction. Certainly, the merits may affect the first factor. Is that the intertwining that you're talking about? Well, yes, Your Honor. Basically, we have to see whether the district court abused its discretion in denying a preliminary injunction and any other issue that doesn't go to that is beyond the scope of this appeal. Is that correct? Well, Your Honor, I think in the issues involved in the preliminary injunction, certainly this court we submit should go ahead and declare the Johnson City Ordinance, which is blatantly illegal under the MX Group v. City of Covington, that that is facially invalid in the court. We would do that as part of our determination that the preliminary injunction was invalid or valid? Yes, Your Honor. Or the denial was invalid? Yes, Your Honor, as well as that HSDA's notice rule, which requires extensive, cumbersome notice requirements. I'm trying to find out whether you agree or not that the extent that we look at those is only with respect to likelihood of success on the merits for preliminary injunction grant or denial purposes. Or instead, are you trying to turn this appeal from a denial of a preliminary injunction into an appeal on all the issues in the case, just without a final decision? Right. Respectfully, Your Honor, I believe and we've cited in our... I'm asking you, are you doing A or B? A is we are only looking at the preliminary injunction and all issues related to the preliminary injunction. Or B, we're going beyond that to look at the merits issues that have been decided or not decided one way or the other but aren't finally decided because the case isn't final. Are we doing A or are we doing B? B, Your Honor. Well, how do we have jurisdiction to do B? Our jurisdiction is solely on appeal from a denial of a preliminary injunction. Is that correct or not? Well, the authority that I cited in the reply brief is that the Sixth Circuit in previous decisions considers it appropriate to consider all issues inextricably intertwined with the issues of the preliminary injunction and certainly a facial invalidity of Johnson City's ordinance and also HSDA's notice rule. Well, if you have a principle that you look at the merits every time that there's a denial of a preliminary injunction because they're inextricably intertwined, I'm not sure what we've done to the limits on our jurisdiction. I mean, it sort of kills the final judgment rule, doesn't it? Well, it's certainly something that I think the court has authority to go ahead and pass on Johnson City's zoning ordinance for one.  For me, I would be most interested in the issues that go to whether there was properly a denial of the preliminary injunction. Well, subsumed in that argument, Your Honor, I can go ahead and address that. As far as the issues in the preliminary injunction goes, surely under AMX Group v. City of Covington, Johnson City's zoning ordinance is facially invalid, that the zoning ordinance's historical background provides substantial evidence of discriminatory intent. Well, but if you're looking at the preliminary injunction, as I gather the theory for not granting a preliminary injunction is that there's this proceeding in the state that has to be successfully navigated before the injunction would bring any of the relief that is the harm that you're trying to avoid. Is that true? Well, respectfully, Your Honor, we believe that TCH has pursued the administrative process sufficiently, and certainly in light of HSDS. Has it been successfully navigated? What's the status of that? Right, right. It's been administratively appealed again, but I believe that the evidence shows that HSDS violated the ADA. And under AMX Group, there's no need to pursue a futile administrative process. If we reverse the denial of a preliminary injunction, which I guess would in effect order the district court to enter a preliminary injunction, would that preliminary injunction have any effect as long as the certificate of need has been denied? Well, if as a part of the preliminary injunction that the court clearly indicates that HSDA's notice rule is illegal and that it's failed to provide a reasonable modification, and also that Johnson City's zoning ordinance is illegal and it has failed to provide a reasonable modification, this is going to greatly speed the resolution of the case. And certainly here, it's a situation that there's probably 1,000 disabled Americans, including pregnant women, that presently and for the last decade have been forced to drive 100 miles round trip over dangerous mountain roads getting up in the middle of the night so they can drive 100 miles round trip to North Carolina to receive standard of care methadone treatment in time to get to work. And it's unquestionably leading to deaths in that one poor woman fell asleep at the wheel coming back from North Carolina, killed a 22-year-old newlywed. So certainly we're in need of immediate relief, and as federal courts have held, that there's immediate reparable harm when there is a denial to access to medical treatment to avoid relapse. Let me ask you this then, to obtain that relief now as opposed to later when the case is done, which is what a preliminary injunction is all about, we would have to preliminarily rule not only that this ordinance is invalid, but that the actions of the state agency are invalid the whole bang. At least likely to be invalid. Yes, Your Honor, but I think... And the preliminary injunction would have to run against both parties. Yes, Your Honor. Well, I mean, we'll certainly ask for as much progress as we can, but I certainly think... No, I'm talking about what was denied, what was requested. Well, a preliminary injunction against Johnson City to issue the requisite permits to allow the clinic to locate and also to... That wouldn't keep people off the roads because that wouldn't have an effect unless we also ordered the preliminary injunction to run against the state as well, right? Well... Even though you didn't... Well, from a causation standpoint, we would ask for both. But in addition, Your Honor, there's clear federal authority for... Pardon me, I guess what I'm asking is did you ask for both? Yes, yes, Your Honor, and there's the irreparable harm of stigma that is continuing. And there's certainly substantial federal case authority that a facially invalid statute constitutes a continuing harm, such as Frye v. City of Kannapolis, Middle District of North Carolina, 1999, and 3570 East Foothill Boulevard, District Court of California, 1996. Those involve First Amendment issues, but certainly here, stigma is an irreparable harm that is continuing in tri-cities too. Thank you, Your Honor. Any more questions? Yeah, please. I have a question. You're familiar with the state proceedings, I assume? Yes, I'm participating in them. And it was unsuccessful at one level or at two levels already? At a one, one which we contend was illegal. I'm just trying to get the history. Yes, sir. It was denied administratively and now is in the first level in court, or the court has upheld the denial and it's being appealed? It's been appealed to an administrative law judge, and that's the first level in Tennessee. So it's still in administrative appeals? Yes. There's another level of administrative appeal before you take it to court? Yes, as I understand it. Then we go back to the agency. You're familiar with that. Are you litigating or is someone else? Yes. Was the basis for losing, in part, that there was no approval from the local community? Yes, Your Honor, I would submit that. Can you support that? Because that would be sort of a catch-22 if one of them denies it because the other one hasn't granted it yet, and the other one denies it because the other one hasn't granted it yet. Yes, Your Honor, and that's been cited in the brief. Where? The Johnson City Engineering Department representative, which he specifically said that this puts them in a catch-22 situation, and I can certainly find that very quickly. I don't want to belabor it. Maybe when you get up for rebuttal, you could just give me the record number for that. That would be useful for me. Yes, sir. Thank you. Thank you. May it please the Court, my name is Tom Garland. I represent the Johnson City Appalese, and we will be dividing our time. Sue Sheldon for the state of Tennessee said she only needs two minutes, so I get the unlucky 13 minutes. With respect to your last question, Judge Rogers, there is no support in the record for what you just asked. So what you're saying, of course I don't know if you can say it on behalf of the state, but what you're saying is that it's not at all relevant to whether there's a certificate of need from the state as to whether they've passed the local hurdles or not. Is that correct? Correct. What's he signing? Do you know what he's signing? I do not. Okay. We'll wait and see. And I do think that the issue today, I have two issues I'd like to address. One of them is appellate jurisdiction, and the other one is issue preclusion. Before we get off the other issue, would you agree that if there is something in the record which shows that each body requires the other to act first, then there's a problem with denying a preliminary injunction here? You just say that's not the case. I say that's not the case. But if we now look at his cites and find that it is the case, then you're conceding that there's a problem. Then I would send it back to Judge Greer because there's been a denial of a preliminary injunction because a stay was entered. There has not been a denial of a preliminary injunction on the merits. Judge Greer has not yet addressed the merits. I understand that. I'm talking about this Catch-22 issue. Right. There is a Catch-22 issue. There's a problem, but you're saying there is no Catch-22. There is no Catch-22. Thank you. With respect to appellate jurisdiction, as I understand it, what we have here is Johnson City was sued in Tri-Cities 1, what we all call Tri-Cities 1, the first lawsuit. In that case, there was a complaint filed, a motion for preliminary injunction. Judge Greer held an all-day evidentiary hearing. Then when he issued his ruling, he said the case isn't ripe. It was about two weeks later when the CON hearing, the Certificate of Need hearing, in the state was scheduled to be heard. He said they need to get their CON, and then there's a license that they have to get. He said once they've done that, they can just let the court know, and then I'll put it back on the docket. They don't have to refile their lawsuit. But he ruled the case isn't ripe. He dismissed the action. The law of this court is that a, and it was without prejudice, but a without prejudice dismissal of an action is appealable, and he chose not to appeal it. What he chose to do instead, because after the CON hearing, and after they ruled that he could not, that they did not get the Certificate of Need, he still had time to appeal Judge Greer's ruling. But he didn't appeal Judge Greer's ruling. Instead, he went and sued the city of Johnson City and the state of Tennessee in the Middle District of Tennessee instead of the Eastern District of Tennessee. So anyway, we got the case transferred back to the Eastern District, and then we had a motion for summary judgment pending based on issue preclusion, but we asked the court to stay the matter. And so the matter got stayed pending the outcome of the state administrative proceedings. Mr. Dunlap is not currently involved in the state administrative proceedings. He was removed from that by the administrative law judge, and the state administrative proceedings have been stayed because there is a Chancery Court hearing going on as to whether he gets back in the case or not. So anyway... Was there a motion for a preliminary injunction? Yes, in the second suit as well, in both suits. Below? Yes. The denial is before us then, right? It is. On the first one, in the first lawsuit, he never reached it. He said it wasn't right. And in the second one... But the first one was dismissed. The lawsuit was dismissed. on basis of rightness. So whatever happened on a preliminary injunction in the first one is kind of immaterial at this point. Right, and he never ruled. He just never ruled. Okay, but the action was dismissed. Correct. On the second one, because he entered the stay order, he decided to clean up his docket, and he dismissed without prejudice the pending motion for partial summary judgment and the motion for preliminary injunction. He's denied a preliminary injunction. It is, but it's not on the merits. He's never addressed the merits. I mean, he could say, I deny the preliminary injunction because it's Thursday. We can still hear an appeal from it as a jurisdictional matter, can't we? Well, I think this is more, what if he had never... You're saying no? Your answer to that is no? This is more akin to a... Well, yes. It's sort of a yes or no question. You're saying there's no jurisdiction from a denial of a preliminary injunction in this case? Because it is not on the merits, because he didn't address the merits. Someone goes in and says, I want a preliminary injunction, and the district court says, no, I'm giving you no reason. It's because I'm grumpy today. You can't appeal that? I think so, because he's addressed it. I understand he didn't address it on the... I don't understand yet what the theory is. Is that some things are available and some aren't? There is a case. I moved to dismiss on appellate jurisdiction before I filed a motion in this court, and it was denied. But a case is cited that a delay can be a... This is more akin to a delay, because he stayed the case. Again, I can't speak for my colleagues, but I'm more interested in your arguments on the assumption that there is jurisdiction to appeal from the denial of the preliminary injunction. Okay. With respect to my other issue is issue preclusion. Johnson City is sued in the first case. He could have appealed. It was a dismissal of the action. He did not appeal. It became final. So it's final as to ripeness as to the city of Johnson City. As long as nothing changes with regard to the administrative procedure on the application for a certificate of need. But, I mean, we wouldn't be required to take the position that the case isn't ripe once there's been, for example, a final denial of a certificate of need, right, just because the court ruled that in the first case. He ruled that without the certificate of need, the case cannot be ripe. Okay. So we're still in a situation where there isn't a certificate of need yet, but it is in process. So you're saying the ripeness issue hasn't changed. Correct. So we're still bound by that. But you're not saying it's never going to be ripe just because the court in the first case ruled that it was not ripe. Correct. If he obtains his certificate of need and he obtains a license, there's two things. Or if it's denied, flat out finally denied, then there wouldn't be a ripeness issue. I think Judge Greer, I think the holding would be that the case isn't ripe because he doesn't have what he has to have for the case to be ripe as to Johnson City. So he can never bring any challenge to the refusal to grant a certificate of need? He can't ever be? Not as to the city of Johnson City. The case is to the city of Johnson City. It is a prerequisite for him to have the certificate of need. But I understand him to be claiming, and although I'm not sure that I think it's really before us at this point, but I understand that he is saying the city of Johnson City is keeping him from getting a certificate of need because they are engaged in machinations to ensure that doesn't happen.  And there were some officials that did. But this is the same action as was below. If you compare the complaints and what he's seeking on the preliminary injunction, what he's seeking is a declaration that the ordinance of Johnson City is invalid. He's seeking the same thing in both cases. Are there any other questions that I can answer? Yes. If we were to disagree with you with respect to issue preclusion, does that mean that the district court abused its discretion in denying the preliminary injunction, or do you have any other arguments? I don't think that there's any irreparable harm. I would rely on my brief with respect to the other issues, but on the motion for preliminary injunction. You could say, I suppose, that it's a lack of likelihood of success even if there is no issue of preclusion, but you're not arguing that? No, I am. Can you make that argument then? Yes, yes, because he's suing for the facial invalidity. And so the only issue really when we had the hearing on the preliminary injunction in the first case was the fact that it was an arterial street. There's a requirement that it be on an arterial street. I don't know what that means. That is a main thoroughfare. And a methadone clinic has 1,000 patients. It's not like a doctor's office. And so they want it on. City of Johnson City wants it on a main thoroughfare just for traffic purposes. So that was the main issue below in the first case. I'm sorry. And so I don't think that there's a reasonable likelihood of success. And at this juncture, there's no irreparable harm because you can't open a methadone clinic in Tennessee until you get a CON. He's saying the preliminary injunction should tell him to issue the CON. Ms. Sheldon can address the thing as to whether the CON should have. But if he's right, then he can argue irreparable injury then, right? You say there's no irreparable injury because he won't win against your colleague there, but he wants the whole thing. And I don't think that he will prevail on that once you've reviewed the record. But it's likelihood is what we're talking about. That's right. And I think it's very unlikely that he would. We're talking about likelihood at different levels, actually. Okay. Thank you. Is there anything else? Okay. Thank you. Good morning. I'm Sue Sheldon from the State Attorney General's Office of Tennessee on behalf of the State Defendant Appellees. The assertion that the state agency, the HSDA, inappropriately attempted to rely upon Johnson City's or TCH's difficulties in obtaining a permit from Johnson City as a basis for denial of the Certificate of Need is not a correct assertion. I pulled up the transcript of the proceeding there at Council Table. It is Record Entry 45-10. And at this point, it is really the... Do you have a page ID for that? It's a lengthy document, Your Honor. It doesn't have a page ID? Yes, it does. Shall I get my laptop? It's okay with me, however you want to do it. We pretty much do page IDs up here. I understand, Your Honor. I just had not taken account of this document. Well, if it takes too long, I don't want to interrupt you. Well, it's a lengthy document, approximately at page ID 2965 and other pages. I believe what occurred is that agency members, having heard testimony from a number of stakeholders, a number of community members from the Department of Mental Health, which is vested by statute in advising whether or not the applicant has met its burden of showing need and the other mandatory statutory criteria, agency members asked questions about the status of the application for a permit from Johnson City. Their counsel spoke up at the hearing and said, no agency members, I've got to advise you that you cannot use that as a basis for your examination of whether or not this entity has met the certificate of need requirements. Where is that? Same place? In that transcript. I'm so sorry, Your Honor. Would it be helpful for the court when Mr. Dunlap speaks for me to try to find you a more specific page? I had it earlier on. Can you write a one-sentence, 28-J letter? You can send us a 28-J letter, one sentence long. Thank you, Your Honor. That would be helpful, and I apologize for not being prepared to. Your Honor, if I could just state, I believe it's at 2814. Thank you. Go ahead, sir. That's not a problem. It appears that my time has expired. You may finish your thought. My thought, Your Honors, was that the court, if it were inclined to believe that Judge Greer should have decided that the issue of the preliminary injunction merits should have been addressed, the court should remand this matter back to Judge Greer for that decision. Alternatively, because Judge Greer did look at the merits of the issue of preliminary injunction, in the context of the plaintiff's motion for a preliminary injunction pending this appeal, we would rely upon the analysis that Judge Greer made, and clearly plaintiffs did not meet their burden of showing that they are entitled to a preliminary injunction. Their challenge to the facial validity of the state statute is utterly without merit, nor are they entitled in any way to an order granting them a certificate of need without being required to meet the standards, the statutory standards for such certificate of need that are required of every applicant for such facilities and other health care facilities that are not methadone facilities in the state of Tennessee. Would you agree that our jurisdiction today is limited to the preliminary injunction denial? Yes, Your Honor. And did that request of the preliminary injunction, would that have run against you as well? Yes, it would have. Thank you. May I begin, Your Honor? You may. Okay, thank you. Judge Rogers, you had mentioned where in the record is the zoning issue discussed at the HSDA CON hearing after dismissal of Tri-Cities 1. It's at number 2814 where the general counsel for HSDA discusses, and I believe somewhat tongue-in-cheek about the zoning issue and cautioning the panel not to overtly discuss the zoning issue even though they're very quite familiar with it. And then further at page 2996. He doesn't just say don't talk about it. He says, I recommend and urge that the decision not be based on zoning. Well, that he says, therefore, I want to update everybody before we get into this, is the zoning issue. So I would suggest that the panel is, that's at line 3 at 2814, that the panel is very well familiar and in the CON application that TCH filed, and that is, and I can get a reference for that in a minute too, is that TCH formally advised the HSDA panel that the zoning had not been granted. And also at page 2996, one of the HSDA panelists says, there's opposition in the community, I'm paraphrasing this, and so therefore it can't be supported. I hesitate to hijack your whole argument on this one small point, but what's the strongest part, and we'll look at it, that supports the idea that there's, that the state decision is going to be based on the zoning? It's that Johnson City. Where is, I'm asking where is it? Okay, at page 2848 to 2866, the Johnson City lobbyist. Thank you, I'll look at that. Okay, also at number 3304, the Kester declaration at number 655, our statement of undisputed fact, and so. Okay, thank you, that's helpful. Okay, thank you very much, Ron. Thank you. The case will be submitted and the clerk may call the next case.